UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
ELIE INTERNATIONAL INC.,                    Index No.

                    Plaintiff.      VERIFIED COMPLAINT

   -against-                            07 CV 3708
DANIEL HANEY,

                    Defendant.
----------------------------------------x   JUDGE KAPLAN

     Plaintiff, by its attorneys, ARTHUR I. WINARD, P.C., complaining of the defendant above named, alleges as follows:

         AS AND FOR A FIRST
         CAUSE OF ACTION:

MAY 1 0 2007

     1. At all times hereinafter mentioned, plaintiff was and still is a corporation organized and existing under the laws of the State of New York, having its principal place of business in the City, County and State of New York.

     2. At all times hereinafter mentioned, defendant was and still is a citizen of the State of Texas.

     3. The amount in controversy exceeds the sum of Seventy-Five ($75,000.00) Dollars, exclusive of interest and costs, and jurisdiction exists by virtue of 28 U.S.C. 1332.

     4. Venue in this district is proper pursuant to signed agreement between the parties.

     5. On or about June 28, 2004, plaintiff and defendant entered into a written Agreement (hereinafter the "June 28, 2004 Agreement") pursuant to which plaintiff, which was and still is engaged

in the sale of jewelry, hired defendant as plaintiff's sales representative to represent plaintiff in promoting and selling its jewelry.

6. The June 28, 2004 Agreement provided in pertinent part that all merchandise provided by plaintiff to defendant as its sales representative:

> "...will be turned over to sales rep pursuant to all-risk memorandum pursuant to which sales rep will be fully responsible for all merchandise which is not returned to Elie or sold by sales rep to customers for Elie, it being agreed that the stated all-risk memorandum value of the merchandise represents its actual fair market value."

7. Pursuant to the provisions of the June 28, 2004 Agreement, on June 28, 2004 and July 22, 2004, defendant received various items of jewelry on consignment from the plaintiff pursuant to All-Risk Memorandum, the said items of jewelry having a total stated and agreed value of $112,585.93.

8. On July 31, 2004 defendant suffered a burglary loss of all the items of jewelry entrusted to him by plaintiff on consignment pursuant to the aforesaid All-Risk Memoranda.

9. By reason of said burglary loss and in accordance with the terms of the June 28, 2004 Agreement and the terms of the aforesaid All-Risk Memoranda, defendant became liable to plaintiff for the agreed stated valued of the stolen jewelry, to wit: the sum of $112,585.93.

10. Subsequent to July 31, 2004, a portion of the plaintiff's stolen, consigned jewelry was recovered by the FBI

and returned to plaintiff, said recovered-returned jewelry having an agreed value of $20,065.07 which, together with a $4,500.00 payment from defendant, was credited to defendant's account, thereby reducing the principal amount of his liability to plaintiff to the sum of $88,020.86 as of December 28, 2005.

11. On or about December 28, 2005, plaintiff and defendant entered into a further written Agreement (hereinafter the "Payment Agreement") pursuant to which defendant, in pertinent part, acknowledged his liability to plaintiff in the principal amount of $88,020.86 and agreed that said sum would be paid no later than December 31, 2006.

12. No part of the sum of $88,020.86 has been paid by defendant, despite demand therefor, and said sum is now justly due and owing to plaintiff.

　　　　　AS AND FOR A
　　　　　SECOND CAUSE OF ACTION:

13. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "4" of this Complaint as though more fully and completely set forth herein at length.

14. On or about June 15, 2006, plaintiff and defendant entered into another written Agreement (hereinafter the "June 15, 2006 Agreement") pursuant to which plaintiff again engaged defendant as plaintiff's sales representative.

15. Under the terms of the June 15, 2006 Agreement,

defendant's compensation was on a "draw against commission" basis, with defendant being obligated to reimburse plaintiff for the amount of any overdraw, i.e., draw in excess of commissions earned.

16. As of February 7, 2007, the amount of draw received by defendant from plaintiff exceeded the amount of the commissions he had earned by $3,717.25, which said amount defendant was obligated to reimburse plaintiff.

17. No part of the sum of $3,713.25 has been paid by defendant, despite demand therefor, and said sum is now justly due and owing to plaintiff.

AS AND FOR A
THIRD CAUSE OF ACTION:

18. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "12" and "13" through "17" of this Complaint as though more fully and completely set forth herein at length.

19. Each of the aforesaid Agreements provide that in the event plaintiff commences any litigation against the defendant to enforce its rights under such Agreement, then in addition to any amount otherwise due and owing, the defendant will further be liable to plaintiff for reasonable attorneys' fees.

20. It has been necessary for plaintiff to retain the firm of ARTHUR I. WINARD, P.C., as its attorneys in order to enforce plaintiff's rights against defendant under the aforesaid

Agreements, the plaintiff thereby being obliged to incur legal fees and to reimburse its attorneys for costs and disbursements incurred by said attorneys in conjunction with this litigation.

21. By reason of the premises, as aforesaid, defendant is further liable to plaintiff for reasonable attorney's fees in an amount to be determined and fixed by the Court.

WHEREFORE, plaintiff demands Judgment against the defendant:

(a) On its First Cause of Action in the amount of $88,020.86, together with interest thereon from July 31, 2004;

(b) On its Second Cause of Action in the amount of $3,717.25, together with interest thereon from February 7, 2007;

(c) On its Third Cause of Action for reasonable attorneys' fees;

altogether with the costs and disbursements of this action.

Dated:  New York, New York
        May 9, 2007

                                ARTHUR I. WINARD, P.C.

                                By: _____
                                    Arthur I. Winard (AW 7201)

                                Attorneys for Plaintiff
                                60 East 42 Street -- Suite 3419
                                New York, New York 10165
                                (212) 697-9011

STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF NEW YORK  )

ED ELEASIAN, being duly sworn, deposes and says:

Deponent is the Vice-President of ELIE INTERNATIONAL INC., the plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters deponent believes it to be true.

This verification is made by deponent because ELIE INTERNATIONAL INC. is a New York corporation. Deponent is an officer thereof, to wit, its Vice-President. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: the books and records maintained by the corporation in the ordinary course of its business.

_____
ED ELEASIAN

Sworn to before me this
9th day of May, 2007.

_____
Notary Public

...iK ROSENFELD
Notary Public, State of New York
No. 31-3356096
Qualified in New York County
Commission Expires Sept. 29, 2009

Index No.            Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIE INTERNATIONAL INC.,

                                        Plaintiff,

    -against-

DANIEL HANEY,

                                        Defendant.

## VERIFIED COMPLAINT

**ARTHUR I. WINARD, P.C.**
Attorney(s) for    Plaintiff

Office and Post Office Address
SUITE 3419
60 EAST 42ND STREET
NEW YORK, NEW YORK 10165
(212) 697-9011

To

Attorney(s) for

Service of a copy of the within                               is hereby admitted.

Dated,

            Attorney(s) for                                       ............................

    Sir:-Please take notice
*NOTICE OF ENTRY*
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on
*NOTICE OF SETTLEMENT*

that an order                              of which the within is a true copy will be presented for
settlement to the HON.                                                                     one of the judges

of the within named Court, at
on the             day of                          at      M.

Dated,

                                      Yours, etc.
                           **ARTHUR I. WINARD, P.C.**
                Attorney(s) for
                Office and Post Office Address
To                      SUITE 3419
                60 EAST 42ND STREET
              NEW YORK, NEW YORK 10165
Attorney(s) for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ELIE INTERNATIONAL INC.,

                Plaintiff,        CASE NO.

    -against-

DANIEL HANEY,

                Defendant.

------------------------------------X


PURSUANT TO RULE 7.1 (Formerly Local General Rule 9) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE U.S. DISTRICT COURT FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK AND TO ENABLE JUDGES AND MAGISTRATE JUDGES **OF THE COURT TO EVALUATE POSSIBLE DISQUALIFICATION OR RECUSAL, THE UNDERSIGNED COUNSEL FOR** ELIE INTERNATIONAL INC **(A PRIVATE NON-GOVERNMENTAL PARTY) CERTIFIES THAT THE FOLLOWING ARE CORPORATE PARENTS, AFFILIATES AND/OR SUBSIDIARIES OF SAID PARTY WHICH ARE PUBLICLY HELD.**


**DATE:** May 9, 2007

FORM SDNY-9

                                        **SIGNATURE OF ATTORNEY**
                                        ARTHUR I. WINARD (AW 7201)

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**

ELIE INTERNATIONAL INC.

**DEFENDANTS**

DANIEL HANEY

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
ARTHUR I. WINARD, P.C.
60 East 42 Street -- Suite 3419
New York, New York 10165 (212) 697-9011

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Breach of Contract

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes? [ ]   Judge Previously Assigned _____

If yes, was this case Vol.[ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [X] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**ACTIONS UNDER STATUTES**

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 HIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)      ORIGIN

- [X] 1 Original Proceeding
- [ ] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is a pro se litigant
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)    BASIS OF JURISDICTION    IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [X] 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [X]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [X]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

2 West 47 Street
New York, New York 10036
New York County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

146 Rockhill
San Antonio, Texas 78209
Bexar County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE   SIGNATURE OF ATTORNEY OF RECORD   ADMITTED TO PRACTICE IN THIS DISTRICT
May 10, 2007   [signature]   [ ] NO
RECEIPT #     [X] YES (DATE ADMITTED Mo. 12 Yr. 1946)
    Attorney Bar Code # AW 7201

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)